UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

EUGENE COBB,

    Plaintiff,                          DEMAND FOR JURY TRIAL

-vs-                                 Case No.
                                       Hon.

SELECT PORTFOLIO SERVICING, INC.,

    Defendant.

## COMPLAINT & JURY DEMAND

Note:   This lawsuit seeks injunctive relief. Specifically, the Defendant has threatened foreclosure on the mortgage. Plaintiff seeks an order enjoining any foreclosure sale pending the outcome of the above-captioned lawsuit.

### Jurisdiction

1. This action is brought under the Federal Real Estate Settlement Procedures Act ("R.E.S.P.A."), 12 U.S.C. §2605, and this court has jurisdiction pursuant to and 28 U.S.C. §§ 1331, 1337; this court, as such, may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. § 1367.

2. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

3. This court has federal question jurisdiction under the Fair Credit Reporting Act, 15 U.S.C. §1681 and 28 U.S.C. §§1331, 1337.

1

4. This Court may take supplemental jurisdiction over the state law claims set forth in this pleading.

## Parties

5. The Plaintiff to this lawsuit resides in Detroit, Michigan in Wayne County.

6. The Defendant, SELECT PORTFOLIO SERVICING, INC., is a non-Michigan corporation doing business in Michigan, incorporated outside the state of Michigan and with its principal place of business outside the State of Michigan.

## Venue

7. The transactions and occurrences which give rise to this action occurred in Wayne County and in the City of Detroit.

8. Venue is proper in the United States District Court for the Eastern District of Michigan.

9. Plaintiff was and still is the rightful, fee simple owner of the subject real property at 7435 Montrose, Detroit, Michigan.

10. That the subject property is encumbered by certain mortgage/financing indebtedness.

## General Allegations

11. On or about July 21, 2005, Plaintiff and the alleged predecessor to SELECT PORTFOLIO SERVICING, INC. entered into a Mortgage.

12. SELECT PORTFOLIO SERVICING, INC. became the servicer of the mortgage when the mortgage had already gone into default.

13. Plaintiff continued to make his payments and attempt to cure any default, but was constantly being asked by Defendant to pay charges that appeared to be billing errors.

14. Specifically, the Defendant received a payment from the "hardest hit fund" on behalf of the Plaintiff, but misapplied those funds and the additional funds paid by the Plaintiff.

15. Plaintiff also received an invoice which included $4,804.76 in "other charges" which were not authorized by law or contract.

16. Further, the Defendant placed insurance on the Defendant's home which was not authorized as the Plaintiff maintained continuous coverage; this caused more unauthorized charges to accrue.

17. SELECT PORTFOLIO SERVICING, INC. was negligent in misapplying payments regarding Plaintiff's account.

18. On February 18, 2015, Plaintiff sent a qualified written request to SELECT PORTFOLIO SERVICING, INC. which included name, loan number and the property address; the qualified written request indicated a statement of the reason for the belief that there was an error; and requested in sufficient detail that the Defendant provide specific information so that Plaintiff could determine the exact nature of the disputed items.

19. Defendant received a copy of the qualified written request.

20. Despite its receipt of the qualified written request, Defendant, SELECT PORTFOLIO SERVICING, INC., refused to lawfully and properly respond to the qualified written request and continues to attempt to collect money and items not owed by the Plaintiff.

21. Despite its receipt of the Plaintiff's qualified written request letter and its failure to properly respond to this request, Defendant, SELECT PORTFOLIO SERVICING, INC., continues its foreclosure proceedings against the subject property.

22. SELECT PORTFOLIO SERVICING, INC. failed to conduct the necessary investigation into the disputes tendered by Plaintiff in violation of RESPA, and, as such, SELECT PORTFOLIO SERVICING, INC. continued with its collection against Plaintiff or foreclosure of the property and subjected Plaintiff to additional illegal charges and fees.

23. Plaintiff initiated a reinvestigation pursuant to 15 U.S.C. §1681s-2(b) by sending letters by certified mail to one or more national credit reporting agencies disputing the reporting of the disputed information during the pendency of the qualified written request.

24. One or more credit bureaus notified SELECT PORTFOLIO SERVICING, INC. that Plaintiff disputed the debt.

25. One or more credit bureaus notified SELECT PORTFOLIO SERVICING, INC. of the nature of the Plaintiff's dispute of the debt.

26. SELECT PORTFOLIO SERVICING, INC. failed to discontinue derogatory credit reporting during the pendency of the qualified written request.

27. SELECT PORTFOLIO SERVICING, INC. failed to note the dispute to the credit bureaus.

28. Plaintiff will be irrevocably harmed if the foreclosure sale is allowed to proceed.

29. If SELECT PORTFOLIO SERVICING, INC. or its assignee is permitted to proceed in dispossessing the Plaintiff of the home, Plaintiff will suffer irreparable harm.

30. Plaintiff requests declaratory relief, injunctive relief and damages, as outlined below, to rescind the foreclosure, stop eviction and possession of the property by SELECT PORTFOLIO SERVICING, INC. or its assignee and compel SELECT PORTFOLIO SERVICING, INC. to provide documentation and the opportunity for a mediation and loan modification as mandated by state law.

## COUNT I – R.E.S.P.A. 12 U.S.C. § 2601 *et seq*.

## (SELECT PORTFOLIO SERVICING, INC.)

31. Plaintiff incorporates the preceding allegations by reference.

32. R.E.S.P.A. applies to federally regulated mortgage loans, which include subordinate liens and loans used to payoff an existing loan secured by the same property;

33. The transactions described herein involve a federally regulated mortgage loan.

34. SELECT PORTFOLIO SERVICING, INC. willfully violated the R.E.S.P.A. in one or more of the following ways, by example only and without limitation:

   a. By failing to make appropriate corrections in the account of the Plaintiff and failing to transmit written notification of such correction to the Plaintiff (12 U.S.C. §2605(e)(2)(A));

   b. By failing to provide the Plaintiff with a written explanation or clarification that includes a statement of the reasons that SELECT PORTFOLIO SERVICING, INC. believed the account of the Plaintiff to be correct and the name and telephone number of an individual employed by Defendant who could provide assistance to the Plaintiff(12 U.S.C. §2605(e)(2)(B));

   c. By failing to provide the Plaintiff with a written explanation or clarification that included the information requested by the Plaintiff or an explanation of why the information requested was unavailable or could not be obtained by SELECT PORTFOLIO SERVICING, INC. and the name and telephone number of an individual who could provide assistance to the Plaintiff (12 U.S.C. §2605(e)(2)[c]; and

5

    d.     By providing, upon information and belief, information regarding any overdue payment owed by the Plaintiff and relating to the period described in the qualified written request to a consumer reporting agency during the 60 day period which began on the date of SELECT PORTFOLIO SERVICING, INC.'s receipt of the qualified written request (12 U.S.C. § 2605(e)(3).

35. As a result of these violations, the Plaintiff suffered damages of an economic and non-economic nature.

## COUNT II – BREACH OF CONTRACT
## (SELECT PORTFOLIO SERVICING, INC.)

36. Plaintiff incorporates the preceding allegations by reference.

37. By assessing unauthorized charges, Defendant breached the contract between the parties.

38. A covenant of good faith and fair dealing exists in every valid Michigan contract, including notes and mortgages pertaining to real property such as the note and mortgage pertaining to Plaintiff's property.

39. A breach of the covenant of good faith and fair dealing is a breach of the underlying contract.

40. SELECT PORTFOLIO SERVICING, INC. failed to perform its duty of good faith and fair dealing with respect to Plaintiff by failing to correctly apply payments, thereby causing excessive fees to accrue.

41. Because of its breach of the implied covenant of good faith and fair dealing, SELECT PORTFOLIO SERVICING, INC. is not entitled to exercise the remedy of foreclosure under the Mortgage.

42. Plaintiff also suffered actual damages and is threatened with additional harm from SELECT PORTFOLIO SERVICING, INC.'s breach.

43. To the extent that actual damages will not fully and fairly compensate Plaintiff, Plaintiff is entitled to specific performance and other appropriate injunctive relief.

44. Plaintiff is entitled to actual damages, reinstatement of the mortgage, cessation and rescission of any foreclosure activity.

## COUNT III – Intentional Infliction of Emotional Distress

### (SELECT PORTFOLIO SERVICING, INC.)

45. Plaintiff incorporates the preceding allegations by reference.

46. The conduct of SELECT PORTFOLIO SERVICING, INC. constituted extreme and outrageous conduct; specifically, SELECT PORTFOLIO SERVICING, INC. engaged in a pattern of behavior which insured that the Plaintiff would be in default.

47. While SELECT PORTFOLIO SERVICING, INC. was assuring Plaintiff that it was acting in good faith to assist the Plaintiff in keeping the home, SELECT PORTFOLIO SERVICING, INC. was doing everything in its power to make sure that this did not happen.

48. SELECT PORTFOLIO SERVICING, INC. acted with reckless disregard of the possible consequences to Plaintiff.

49. SELECT PORTFOLIO SERVICING, INC. knew that the probable consequences of its actions were to dispossess the Plaintiff of the subject property.

50. The conduct of SELECT PORTFOLIO SERVICING, INC. directly and proximately caused emotional distress to the Plaintiff.

51. Plaintiff has suffered damages as a result of the conduct of SELECT PORTFOLIO SERVICING, INC.

## **COUNT IV – BREACH OF CONTRACT – REQUEST FOR EQUITABLE, DECLARATORY & INJUNCTIVE RELIEF (SELECT PORTFOLIO SERVICING, INC.)**

52. Plaintiff incorporates the preceding allegations by reference.

53. It appears that a genuine, good faith dispute existed over the amount of the monthly payments due or the principal balance owing to SELECT PORTFOLIO SERVICING, INC.

54. Upon information and belief, and given the totality of the circumstances in the pending matter, there is no equitable basis to allow SELECT PORTFOLIO SERVICING, INC. or its nominee to foreclose upon the property and throw Plaintiff out into the street.

55. The request of the Plaintiff is that the Court grant equitable, declaratory and injunctive relief to decelerate the mortgage balance, remove Plaintiff from foreclosure, and declare Plaintiff not to have been in breach of the mortgage agreement.

56. Additionally, it is the request of the Plaintiff that this Court grant declaratory relief, in that the fees and costs charged to Plaintiff by SELECT PORTFOLIO SERVICING, INC. are unauthorized.

57. Additionally, it is the request of the Plaintiff that SELECT PORTFOLIO SERVICING, INC. produce an immediate accounting of all sums paid, as well as those allegedly due and owing based upon the facts found, as well as a corresponding correction of all credit reporting relating to the mortgage.

## COUNT V – BREACH OF CONTRACT/ WRONGFUL FORECLOSURE

## (SELECT PORTFOLIO SERVICING, INC.)

58. Plaintiff incorporates the preceding allegations by reference.

59. The agreement between the parties as set forth herein constituted an enforceable contract.

60. Plaintiff performed fully under the terms of the contract – or cured any default – and under those terms was entitled to full performance by the SELECT PORTFOLIO SERVICING, INC..

61. SELECT PORTFOLIO SERVICING, INC. has repeatedly breached its contract with the Plaintiff by:

   a. causing a breach which it wrongly attributed to Plaintiff in order to pressure Plaintiff into paying unnecessary and unwarranted fees and costs;

   b. imposing unnecessary fees and costs upon Plaintiff;

   c. repeatedly misstating the amount due under Plaintiff loan;

   d. requesting specific forms of action on the part of Plaintiff and then claiming that the course of conduct of Plaintiff justified default under the mortgage and foreclosure upon the home;

   e. wrongfully foreclosing on the property of the Plaintiff ;

   f. refusing to perform in good faith;

   g. willfully misstating the payment history to credit reporting agencies so as to disable Plaintiff from refinancing;

62. SELECT PORTFOLIO SERVICING, INC., accelerated the entire balance of the contract in bad faith and commenced foreclosure proceedings.

63. These actions by SELECT PORTFOLIO SERVICING, INC. constitute a breach of the contract obligations as construed by Michigan law.

64. Plaintiff has suffered damages as a result of this breach of contract.

### COUNT VI – VIOLATION OF M.C.L § 445.901 *et seq*.

### (SELECT PORTFOLIO SERVICING, INC.)

65. Plaintiff incorporates the preceding allegations by reference.

66. The facts set forth in this complaint establish that SELECT PORTFOLIO SERVICING, INC. violated one or more of the provisions of the Michigan Consumer Protection Act, M.C.L.§ 445.903(1).

67. Plaintiff has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

### COUNT VII – FAIR CREDIT REPORTING ACT

### (SELECT PORTFOLIO SERVICING, INC.)

68. Mr. Cobb incorporates the preceding allegations by reference.

69. SELECT PORTFOLIO SERVICING, INC. was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Plaintiff through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

70. SELECT PORTFOLIO SERVICING, INC. was required to cease reporting the derogatory information during the pendency of the period of 60 days following receipt of the qualified written request.

71. Following the reinvestigation, SELECT PORTFOLIO SERVICING, INC. continued to report the adverse credit information, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

72. Following its reinvestigation, SELECT PORTFOLIO SERVICING, INC. reported the derogatory credit information and consciously avoided knowing that the derogatory credit information was supposed to be suppressed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

73. Following the reinvestigation and dispatch of notice directly to SELECT PORTFOLIO SERVICING, INC., SELECT PORTFOLIO SERVICING, INC. reported credit information that was not in fact lawful, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

74. Following the reinvestigation and dispatch of direct notice to SELECT PORTFOLIO SERVICING, INC., SELECT PORTFOLIO SERVICING, INC. failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

75. SELECT PORTFOLIO SERVICING, INC. willfully refused to properly put in place adequate procedures to reinvestigate credit reports in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

76. In the alternative, SELECT PORTFOLIO SERVICING, INC. negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

77. SELECT PORTFOLIO SERVICING, INC. willfully refused to properly reinvestigate the inaccuracies in credit reports in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

78. In the alternative, SELECT PORTFOLIO SERVICING, INC. negligently failed to conduct a proper reinvestigation of a credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

79. Plaintiff has suffered damages as a result of these violations of the FCRA.

## COUNT VIII – Negligence

### (SELECT PORTFOLIO SERVICING, INC.)

80. Plaintiff incorporates the preceding allegations by reference.

81. SELECT PORTFOLIO SERVICING, INC. owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

82. SELECT PORTFOLIO SERVICING, INC.'s unlawful threat to foreclose on Plaintiff's home was per se unreasonable.

83. Plaintiff has suffered foreseeable damages as a result of this unreasonable conduct by SELECT PORTFOLIO SERVICING, INC.

## COUNT IX – Negligence *Per Se* –

### (SELECT PORTFOLIO SERVICING, INC.)

84. Plaintiff incorporates the preceding allegations by reference.

85. SELECT PORTFOLIO SERVICING, INC.'s actions in publishing false and inaccurate credit information to the credit bureaus was in violation of express duties under the FCRA.

86. Those unreasonable actions were *per se* unreasonable.

87. Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by SELECT PORTFOLIO SERVICING, INC.

## COUNT X – Defamation by Libel

### (SELECT PORTFOLIO SERVICING, INC.)

88. Plaintiff incorporates the preceding allegations by reference.

89. SELECT PORTFOLIO SERVICING, INC.'s written publication of the trade lines on Plaintiff's credit reports was false and defamatory.

90. SELECT PORTFOLIO SERVICING, INC.'s publications were not privileged communications.

91. SELECT PORTFOLIO SERVICING, INC.'s publications of the trade lines on Plaintiff's credit reports were made negligently, with reckless disregard to their falsity, or maliciously.

92. The statements were *per se* defamatory.

93. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

94. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT XI – Negligence – Malicious Statutory Libel

### (SELECT PORTFOLIO SERVICING, INC.)

95. Plaintiff incorporates the preceding allegations by reference.

96. The inaccurate credit information was published with malice or ill-will.

97. Plaintiff has suffered damages as a result of this malicious libel by SELECT PORTFOLIO SERVICING, INC. in violation of M.C.L. § 600.2911.

98. Plaintiff is entitled to actual and punitive damages having suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT XIII – Fair Debt Collection Practices Act
## (SELECT PORTFOLIO SERVICING, INC.)

99. Plaintiff incorporates the preceding allegations by reference.

100. At all relevant times SELECT PORTFOLIO SERVICING, INC. – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

101. SELECT PORTFOLIO SERVICING, INC. is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

102. SELECT PORTFOLIO SERVICING, INC.'s foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the FDCPA.

103. Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT XIV – Michigan Occupational Code
## (SELECT PORTFOLIO SERVICING, INC.)

104. Plaintiff incorporates the preceding allegations by reference.

105. SELECT PORTFOLIO SERVICING, INC. is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

106. SELECT PORTFOLIO SERVICING, INC.'s foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the Occupational Code.

107. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

## Demand for Jury Trial

108. Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

*ACCORDINGLY, Plaintiff requests that this Court:*

a. *Award Plaintiff all damages incurred by Plaintiff as a result of SELECT PORTFOLIO SERVICING, INC.'s actions herein;*

b. *Award Plaintiff costs and attorney's fees;*

c. *Equitable and Declaratory relief;*

d. *Award any other relief that this Court deems just and equitable;*

e. *Award exemplary damages;*

f. *Award costs and attorney fees.*

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

        By:    s/ Adam G. Taub
                Adam G. Taub (P48703)
                Attorney for EUGENE COBB
                17200 West 10 Mile Rd. Suite 200
                Southfield, MI 48075
                Phone: (248) 746-3790
                Email: adamgtaub@clgplc.net

Dated: July 2, 2015